*COPY*

PO Box 470296
San Francisco Ca 94147
June 30, 2020
415-922-9779
richardwinger@yahoo.com

Hon. Mark A. Kearney
c/o Clerk, U.S. District Court
601 Market St.
Philadelphia, Pa 19106-1743

Dear Judge Kearney,

RE: Acosta v Wolf, 2:20cv-2528

There is a factual error in your decisions of June 10 and June 30, 2020. Both of them say that an independent candidate for US House in Pennsylvania needs 1,000 signatures. Actually independent candidates in Pennsylvania need a petition of 2% of the winner's vote in the previous election. Orlando Acosta is running in the 3rd district, so he needs 5,752 signatures (2% of the vote cast in November 2018 for Dwight Evans, the Democratic nominee in 2018). Title 25, sec. 2911.

Your footnote establishing that Acosta needs 1,000 signatures refers to the part off the Pennsylvania election code that governs the number of signatures for candidates running in a primary. Title 25, sec. 2872.1(12).

The U.S. Supreme Court ruled in *Illinois State Board of Elections v Socialist Workers Party*, 440 US 173 (1979) that states cannot require more signatures for a district office than for a statewide office. Pennsylvania requires exactly 5,000 signatures for independent candidates for statewide office (this is not in the election code but it is a result of the settlement in *Constitution Party of Pennsylvania v Cortes*, e.d., 5:12cv-2726). That case had no effect on the number of signatures for district office, the provision for 2% of the winner's vote in the last election.

Therefore, the number of signatures needed for Acosta, a number greater than 5,000, seems to conflict with the unanimous ruling of the U.S. Supreme Court from 1979.

I realize Acosta didn't explain any of this in his papers, but nevertheless your decision has already been cited in another U.S. District Court decision from the eastern district of Arkansas, *Whitfield v Thurston,* 4:20cv-466, so it is being seen, and it seems to me you would want to alter it so that it doesn't have errors. Also your reference to the Illinois Libertarian decision is incomplete. The U.S. District Court in Illinois did put the Libertarian and Green Party statewide candidates, and two U.S. House candidates, on the ballot with no petition required at all.

I publish Ballot Access News so I pay attention to these cases. Thank you for reading this.

Sincerely yours,

Richard Winger